Filed 2/26/14  P. v. Navarro CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058744 |
| v. | (Super.Ct.No. SWF023049) |
| MARIO NAVARRO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Albert J. Wojcik, Judge. Affirmed.

Christian Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After defendant and appellant Mario Navarro's acquittal on various charges stemming from an alleged sexual assault, defendant petitioned to have his arrest record sealed and destroyed and for a finding of factual innocence under Penal Code sections

1

851.8, subdivision (e), and 851.85.[1]  The trial court denied the petition, and defendant appealed.  We will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe and defendant went on several dates in 2007 when Jane was 35 years old.  Jane had lived at home her entire life.  She claimed that she was a virgin who was planning on waiting until marriage to have sexual intercourse.

On September 29, 2007, Jane went to defendant's apartment around 9:00 p.m.  After defendant and Jane kissed for 10 to 20 minutes, defendant carried Jane into his bedroom.  Defendant laid on the bed with Jane and continued kissing Jane.  Defendant then laid on top of Jane and spread her legs with his legs and rubbed up against her.  Jane tried to push her legs together but defendant prevented her from doing so.  Defendant then undressed Jane, lowered his shorts, and continued to rub his penis on her vagina over her underwear.  Defendant sucked on Jane's breasts for 10 to 20 minutes and digitally penetrated her vagina.  Jane repeatedly told defendant to stop.  Defendant then took off Jane's underwear and continued to penetrate her vagina with his finger and penis.

After about an hour, defendant stopped and the two talked while lying on the bed.  Jane said that she did not want to lose her virginity to defendant; defendant replied that he respected that.  The two again began to kiss.  Later, defendant knelt on the floor, spread

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

Jane's legs and performed oral sex on her for 20 to 30 minutes. He then got a condom, put it on, and had sex with Jane. Jane told defendant to stop and that it was hurting her. After defendant stopped, Jane grabbed her clothes, and left at around 2:00 a.m.

The following morning Jane called the police and went in for a sexual assault examination. Jane noticed that she had bruising on her legs. The examination revealed that Jane had sucking marks on each of her breasts; abrasions, tenderness and redness on her vagina; and a tear on her anus. The findings were consistent with Jane having sexual contact as Jane described including penetration to the vagina and anus. Jane also had bruising on her thighs.

Defendant stated that his penis had vigorously rubbed Jane's vaginal area while they were clothed. He admitted to fondling and kissing Jane's breasts and touching her vaginal area with his mouth and fingers. Defendant also admitted to retrieving a condom but denied having sexual intercourse with Jane, sexually penetrating Jane, and having contact with Jane's vagina except over her underwear. Defendant stated that he may have slightly penetrated Jane with his finger, penis, and tongue over her underwear. Defendant asserted that he never had sexual intercourse with Jane and never did anything against her will or after she told him to stop.

On April 2, 2008, an amended information was filed charging defendant with unlawful sexual intercourse by force or fear (§ 261, subd. (a)(2)); unlawful sexual penetration by force or fear (§ 289, subd. (a)(1)); and unlawful oral copulation by force or fear (§ 288a, subd. (c)(2)).

3

On September 17, 2008, a jury found defendant not guilty of all the charges, including the lesser included offenses.

On March 19, 2010, defendant filed a petition for a finding of factual innocence under sections 851.8, subdivision (e), and 851.85.  An evidentiary hearing was held on April 30, 2010, before Judge Mark Mandio.  In May 2010 Judge Mandio denied the petition without prejudice to defendant bringing the motion before Judge Albert J. Wojcik who had presided over the trial.

On July 6, 2012, defendant re-filed his petition for a finding of factual innocence with Judge Wojcik.

On September 7, 2012, Judge Wojcik denied defendant's petition for a finding of factual innocence.  Judge Wojcik explained:  "In reviewing the moving papers, reviewing [his] notes, reviewing the transcript provided, it appears to the Court that that evidence was reasonable relative to reasonable cause in believing that [defendant] did commit the crimes.  Whether or not it was proof beyond a reasonable doubt, obviously no.  In evaluating the record and the evidence, it might raise a substantial question as to guilt, but it fails to completely exonerate the defendant."

On May 1, 2013, we granted defendant's petition for writ of habeas corpus to establish the constructive timely filing of a notice of appeal.  On May 8, 2013, defendant filed a notice of appeal challenging the denial of his petition for a factual finding of innocence.

## II

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


RICHLI
J.


KING
J.